IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AUDREY M. RENNER,<br><br>Plaintiff,<br><br>vs.<br><br>TAKEDA PHARMACEUTICALS U.S.A. INC.,<br><br>Defendant. | CV 15–171–M–DLC<br><br>ORDER |

Defendant Takeda Pharmaceuticals U.S.A. Inc. ("Takeda") moves: (1) for the admission of D'Lesli Davis *pro hac vice*; and (2) to continue the trial and final pretrial conference in this matter, currently scheduled for March 27, 2017, and March 16, 2017, respectively, and all associated deadlines. Plaintiff Audrey Renner ("Renner") opposes both motions. For the reasons described below, the Court will deny these motions.

**A.** *Pro Hace Vice* **Motion**

As discussed, Takeda moves for the admission of D'Lesli Davis *pro hac vice*. Renner opposes this motion and, in her brief in opposition to the motion, highlights that it fails to comply with this District's Local Rules. In particular, the affidavit filed in support of the motion fails to adhere to specific requirements of Rule 83.1(d)(3), which requires that the affidavit state: (1) the applicant's firm

-1-

name and telephone, fax, and e-mail contact information; (2) that the applicant has paid or will pay the Court's admission fee; (3) that the applicant either has completed the District of Montana's online training for electronic filing or is proficient in electronic filing in another federal district court; (4) whether the applicant has ever been sanctioned under Federal Rule of Civil Procedure 37(f) or its state equivalent; (5) that the applicant understands that *pro hac vice* admission in this Court is personal to the attorney only and is not admission of a law firm and that the attorney will be held fully accountable for the conduct of the litigation in this Court; and (6) that the applicant has complied with Montana Rule of Professional Conduct 8.5. *See* L.R. 83.1(d)(3)(A), (B), (C), (G), (I), (J). Because the affidavit fails to meet these requirements, the Court will deny the motion.

However, the more important question is whether the Court will grant Takeda leave to refile the motion. The Court declines to do so. Despite the affidavit's technical issues, the timing of this motion comes at a particularly late point in the course of this proceeding. Trial in this matter is set for March 27, 2017, a little over a month away. The Court is sympathetic to the fact the Nathan Huey, Takeda's prior lead counsel, left the state and is no longer involved with this case. However, Mr. Huey's departure, as stated during the November 22, 2016 hearing on the motion for sanctions, occurred months ago. Despite this

knowledge, Takeda now moves, months later, to bring another lawyer on to this case. The Court considers this motion untimely and, as such, denies it.

 **B. Motion to Continue**

Next, Takeda moves to: (1) continue the trial in this matter for 6 months; (2) continue all trial deadlines; (3) extend the discovery deadline; and (4) extend the expert deadline.[1] Takeda offers several reasons for these requested continuances, including: (1) Mr. Huey's departure from this case; (2) the retention of new counsel by Takeda; (3) the Court's January 12, 2017 Order which granted in part Renner's motion for sanctions; and (4) "newly discovered evidence" related to a potential witness in this case. Renner opposes the motion.

As stated in the Court's Scheduling Order, motions to continue the trial or reopen discovery will only be granted for "compelling reasons." (Doc. 13 at 3.) The Court finds that the reasons offered by Takeda fail to meet this standard. First, as mentioned above, the Court understands that Takeda's case has been complicated by the departure of its lead counsel. However, Takeda's current lead counsel, William Ballew, participated in the Court's Preliminary Pretrial Conference, which was held on March 25, 2016, and has been involved with this

---

[1] The Court notes that Takeda states that there is no current deadline for the parties to disclose liability experts. Takeda is mistaken. The deadline for disclosure of liability experts, as expressly stated in the Court's Scheduling Order, is September 12, 2016. (Doc. 13 at 1.)

case since its beginning.  Further, the Court finds that Mr. Ballew, a trial attorney with decades of experience, is fully capable of litigating this case.  The Court is well aware of his capabilities and has no doubts that he has and will continue to provide more than adequate representation.  This is notwithstanding the fact that Mr. Ballew's firm has at least two other attorneys who are available to assist in this litigation.  Also, as stated above, Takeda has been aware of Mr. Huey's departure for at least three months.  As such, this is not the case where an attorney has withdrawn from representation on the eve of trial.

Second, because the Court is denying the motion to admit *pro hac vice* counsel, the need to get this new attorney "up to speed" is now moot.  Third, Takeda was well aware, since at least August 24, 2016, i.e., the date Renner moved for sanctions, that sanctions could be imposed due to the spoliation of evidence by a Takeda employee.  The Court's Order imposing sanctions should not have come as a surprise.

Finally, Takeda's argument that the Court should reopen discovery and continue the trial for six months due to "newly discovered evidence" is likewise unpersuasive to the Court.  Takeda argues that the Court should reopen discovery because it recently spoke with a health care provider, Dr. Kathleen Kellogg, who appears to have knowledge about the circumstances related to Renner's

termination.  However, this health care provider has been known to Takeda since the date of Renner's termination.  In fact, this health care provider was listed in Renner's termination letter as one of the people that Renner allegedly lied about meeting.  (Doc. 16-1 at 2.)  Thus, the argument that her testimony could be considered newly discovered evidence rings hollow to the Court.

In conclusion, in addition to the Court's finding that the reasons cited in support of the motion are not compelling, the Court will likewise deny this motion as untimely.  As discussed above, this case was set for trial almost a year ago.  Arguably, the reasons in support of the motion have been known to Takeda for three months.  Now, on the eve of trial, Takeda moves to delay resolution of this matter for another six months.  The Court declines to do so and will deny the motion.

Accordingly, IT IS ORDERED that:

(1) Defendant Takeda's Motion to Admit D'Lesli Davis *Pro Hac Vice* (Doc. 46) is DENIED with prejudice; and

(2) Defendant Takeda's Motion to Continue the Trial (Doc. 49) is DENIED.

DATED this 24th day of February, 2017.

Dana L. Christensen, Chief District Judge
United States District Court